In the United States District Court
for the Southern District of Texas
McAllen Division

| | |
|---|---|
| Maria Pilar Alvarez,<br>　　*Plaintiff*,<br>s<br>v.<br><br>Ashraf Kahn and Net Freight Systems, Inc.<br>　　*Defendants.* | Civil Action No. 7:17-cv-184<br><br>Jury Demanded |

### Defendants Ashraf Kahn's and Net Freight Systems, Inc.'s
### Joint Notice of Removal

To the Honorable United States District Judge:

Comes Now, Defendants Ashraf Kahn and Net Freight Systems, Inc. (hereinafter "Defendants"), and file this, their Joint Notice of Removal. In support thereof, Defendants would respectfully show the Court as follows:

### Introduction

Plaintiff Maria Pilar Alvarez ("Plaintiff") filed her state court action against Ashraf Kahn and Net Freight Systems, Inc. in Hidalgo County, Texas on March 31, 2017.[1] The case was docketed as Cause No. C-1488-17-C; *Maria Pilar Alvarez v. Ashraf Kahn and Net Freight Systems, Inc.*; in the 139th Judicial District Court of Hidalgo County, Texas.

Plaintiff's claims against Defendants sound in negligence.[2] These claims arise out of a motor vehicle accident occurring on or about May 8, 2015. Plaintiff seeks monetary damages for past and future physical pain; past and future mental anguish; past and future physical impairment; past and future medical expenses; lost wages; costs of suit; and pre-judgment and post judgment interest.[3]

---

[1] *See* Plaintiff's Original Petition, attached hereto as Exhibit C-1.
[2] *See id.*
[3] *See id.*

On or about April 23, 2017 Net Freight Systems, Inc. received a copy of the citation and *Plaintiff's Original Petition – Interrogatories and First Set of Discovery Requests to Defendant* by certified mail. On or about May 2, 2017, Defendant Ashraf Kahn received citation and *Plaintiff's Original Petition – Interrogatories and First Set of Discovery Requests to Defendant* by mail.

Defendants' Joint Notice of Removal is timely as it was filed within thirty (30) days of when Defendant Net Freight Systems, Inc. and Ashraf Kahn received citation.[4] Moreover, Defendants' Joint Notice of Removal is timely as it is filed within thirty (30) days of when it was firsts ascertainable that this case could be removed based upon diversity jurisdiction.[5] The one-year deadline on removal under 28 U.S.C. 1446(c) has not elapsed.

Furthermore, removal is timely as Defendants have not been properly served in this case because both Defendants received citation and *Plaintiff's Original Petition – Interrogatories and First Set of Discovery Requests to Defendant* by mail.[6]

## The Parties

Plaintiff Maria Pilar Alvarez is an individual who resides in Hidalgo County, Texas.[7]

Defendant Ashraf Kahn resides at 8172247 Hurontario Street, Mississauga, Ontario, Canada.[8] He is not a citizen of the state of Texas.

Defendant Net Freight Systems, Inc. is foreign corporation organized and existing under the laws of Canada with its principal place of business at 7659 Bath Road, Mississauga, Ontario L4T 1L2, Canada.[9] It is not a citizen of Texas.

---

[4] *See* 28 U.S.C. 1446(b)(1).
[5] *See* 28 U.S.C. 1446(b)(3); s*ee also Braud v. Transp. Serv. Co.*, 445 F.3d 801, 805 (5th Cir. 2006).
[6] *Nuovo Pignone, Spa v. Storman Asia M/V*, 310 F.3d 374, 383 (5th Cir. 2002) (Finding the Hague Convention does not permit service by registered mail.).
[7] *See* Ex. C-1 ¶ 2.1.
[8] *See id.* at ¶ 2.2.
[9] *See id.* at ¶ 2.3.

**Basis for Removal**

A.    **Removal Standard**

Pursuant to 28 U.S.C § 1441(a), Defendants remove this action to the United States District Court for the Southern District of Texas. In support of this Notice, Defendants show that there is complete diversity of citizenship between the Plaintiff and Defendants because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.[10] Removal is appropriate because it has been sought within thirty (30) days of Defendants first ascertaining that this suit was removable, and it has been less than one year since this action was originally commenced.[11]

B.    **Diversity of Citizenship**

Diversity jurisdiction depends upon a showing of complete diversity, which means that none of the plaintiffs may be a citizen of the same state as one of the defendants.[12] "A United States citizen who is domiciled in a state is a citizen of that state."[13] A corporate entity is deemed to be a citizen of both the foreign state in which it is incorporated as well as the location where it maintains its principal place of business.[14]

As of the date of filing of this action, and at all times thereafter, up to and including the present, Plaintiff Maria Pilar Alvarez was a citizen of Texas.[15] Defendant Net Freight Systems, Inc. is a citizen of Canada.[16] Defendant Ashraf Kahn is a citizen of Canada.[17] Accordingly, complete diversity of citizenship exists between Plaintiff and Defendants and removal is therefore appropriate.

---

[10] *See* 28 U.S.C. § 1332(a).

[11] *See* 28 U.S.C. § 1446(b); *see also Monterey Mushrooms, Inc. v. Hall*, 14. F. Supp.2d 988, 991 (S.D. Tex. 1999) ("When service is effected on a statutory agent, the removal period begins when the defendant actually receives the process and not when the statutory agent receives process.").

[12] *See Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992).

[13] *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (citing *Robertson v. Cease*, 97 U.S. 646, 648-50 (1878)).

[14] *See* 28 U.S.C. § 1332(c)(1); *Mullins v. Test America, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009).

[15] *See* Ex. C-1 ¶ 2.1.

[16] *See id.* at ¶ 2.3.

[17] *See id.* at ¶ 2.2.

C.     **Amount in Controversy**

Removal is additionally appropriate under diversity jurisdiction as the amount in controversy, exclusive of interest and costs, exceeds $75,000. When a plaintiff's monetary demand is stated in the complaint, a defendant can rely on that allegation to meet the federal court's jurisdictional requirement.[18]

Plaintiff's Original Petition specifically alleges that she seeks monetary relief over $1,000,000.00.[19]

D.     **Removal is Timely and Proper**

In general, if a suit is removable when it is filed, the defendant must file the notice of removal within 30 days after receiving both the summons and a copy of the complaint.[20] For suits involving multiple defendants, "all defendants who have been properly joined and served must join in or consent to the removal of the action."[21] Furthermore, the 30-day timeline to file the notice of removal applies for each defendant,[22] but with the caveat that if the defendants are served at different times, the earlier-served defendant may consent to the later-served defendant's removal even if it did not previously "initiate or consent to removal."[23] However, both Defendants have consented to removal and file this Joint Notice of Removal within 30 days of receiving citation and *Plaintiff's Original Petition – Interrogatories and First Set of Discovery Requests to Defendant*.

On or about April 23, 2017, Net Freight Systems, Inc. received citation and *Plaintiff's Original Petition – Interrogatories and First Set of Discovery Requests to Defendant* by certified mail, and now files this Joint Notice of Removal within 30 days of receipt of the citation.

On or about May 2, 2017, Defendant Ashraf Kahn received citation and *Plaintiff's Original Petition – Interrogatories and First Set of Discovery Requests to Defendant* by mail, and now files this Joint Notice of Removal within 30 days of service.

Therefore, Defendants' Joint Notice of Removal is timely and properly filed because it is filed within 30 days of receiving citation and a copy of *Plaintiff's*

---

[18] *See* 28 U.S.C. § 1446(c)(2).
[19] *See* Ex. C-1 at ¶ 6.1.s
[20] *See* 28 U.S.C. § 1446(b)(1).
[21] *Id.* at § 1446(b)(2).
[22] *See* 28 U.S.C. § 1446(b)(2)(B).
[23] *See id.* at § 1446(b)(2)(C).

*Original Petition – Interrogatories and First Set of Discovery Requests to Defendant.*

### FRCP Rule 38 Jury Demand

A jury trial is demanded on all issues presented in this case.

### Required Documents

Pursuant to 28 U.S.C § 1446(a) and Rule 81 of the Local Rules of the United States District Court for the Southern District of Texas, Defendant attaches hereto copies of all pleadings, process, orders, and other filings in the state court action as well as the state court action's docket sheet. The pleadings, process, orders, other filings, and docket sheet from the state court action are identified in the Index of Matters Being Filed with Removal which appears as Exhibit A. A List of All Counsel of Record is attached hereto as Exhibit D.

### Required Notice

Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly provide notice to all adverse parties and will file a copy of the Joint Notice of Removal with the Hidalgo County District Clerk's Office.

### Conclusion

Wherefore, Premises Considered, Defendants Ashraf Kahn and Net Freight Systems, Inc. respectfully request that the Honorable Court remove this action to the United States District Court for the Southern District of Texas. Defendant additionally prays for such further relief, at either law or equity, to which it may prove itself justly entitled.

*[Signature Block on Following Page]*

Respectfully submitted,

BROWN SIMS

_____
Michael D. Williams
Attorney-in-Charge
Texas Bar No. 21564330
S.D. Bar No: 2078
*mwilliams@brownsims.com*
John G.H. Davis
Texas Bar No. 24012507
Federal ID No. 24428
*jdavis@brownsims.com*
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
713.629.1580
713.629.5027 (facsimile)

*Attorneys for Defendants Ashraf Kahn and Net Freight Systems, Inc.*

## Certificate of Service

This is to certify that a true and correct copy *of Defendants Ashraf Kahn's and Net Freight Systems, Inc.'s Joint Notice of Removal* has been forwarded to all attorneys of record in accordance with the Federal Rules of Civil Procedure as well as the Southern District of Texas' Local Rules via electronic filing as well as facsimile and certified mail, return receipt requested on this the 11th day of May, 2017.

    Rosendo Almaraz, Jr.
    The Almaraz Law Firm
    1300 N. 10th Street
    McAllen, Texas 78501
    956.800.1046
    956.800.1049 (facsimile)

    *Attorney for Plaintiff*

                                                                       Michael D. Williams